## LES HANEY v. THE STATE.

No. 15532.   Delivered January 18, 1933.
Reported in 56 S. W. (2d) 460.

The opinion states the case.

*J. T. Ranspot,* of Mineral Wells, for oppellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Theft of chickens is the offense; penalty assessed at confinement in the penitentiary for a period of one year.

The witness Colvard missed some chickens from his farm. Guided by automobile tracks, he went to the home of the appellant and charged him with the theft of the chickens. According to Colvard, the appellant admitted the theft and expressed regret because of it.

Appellant testified denying that he admitted the theft, and also denied that he had stolen the chickens. According to his testimony, he was informed by Mrs. Main that the chickens belonged to her; that Colvard had given them to her and authorized her to take them away; that at the request of Mrs. Main the appellant got in his automobile and went with her to the farm of Colvard and got the chickens and other articles, which Mrs. Main claimed to own.

The appellant's wife testified that she heard the conversation between the appellant and Mrs. Main and heard her ask the appellant to go with her to get some chickens which she claimed

to own; that the chickens had been given to her by Colvard.

Mrs. Main testified that at her request the appellant went with her to get the chickens; that she told him that she had been told by Colvard to get anything that was on his farm; that she might find some chickens or anything there that she wanted, she could have it. She went with the appellant to get the chickens. From her testimony we quote: "I certainly did tell Mr. Haney that Mr. Colvard told me I could get them. Who was present at the time I made this statement was Mrs. Haney, his wife and my daughter."

She also said that she, her daughter, and Mr. Haney caught the chickens. They went there in the evening about sundown, or a little after, and got the chickens.

The witness Littlefield was called upon behalf of the appellant and testified to his acquaintance with Mrs. Main. He testified that he knew her general reputation in the community in which she lived for truth and veracity, also her general reputation in the community in which she lived as a law-abiding citizen. The court permitted the witness to testify as to his knowledge of the general reputation of Mrs. Main for truth and veracity, which he said was good. The court, however, refused to permit the witness to testify that he knew the general reputation of Mrs. Main in the community in which she lived with reference to her being a law-abiding citizen and that such reputation was good. The refusal of the court to permit the introduction of the testimony last mentioned is preserved by a bill of exception.

In the court's charge the jury was instructed upon the law of principals, and that, if they believed that the appellant, Haney, either alone or acting with Mrs. Main as a principal offender, fraudulently took five chickens from Colvard, a conviction would be authorized. As to the rules of evidence in this state on the subject, the following is taken from the syllabus in the case of House v. State, 42 Texas Crim. Rep., 125: "In criminal cases, whenever a criminal intent is the essence of the offense, evidence of the general good character of the accused when offered by him is relevant and admissible in his behalf."

The body of the case definitely affirms the rule that, under the circumstances stated, the character of the accused as a peaceable, law-abiding citizen becomes relevant. The principle is reaffirmed in many cases cited by Mr. Branch in his Ann. Tex. P. C., p. 116. See, also, Wharton's Cr. Ev. (10th Ed.), vol. 1, p. 478, sec. 254.

The status of Mrs. Main in the present instance was not only that of a witness, but in a sense she was a defendant. In the charge of the court, the jury was directed to consider whether she was a principal offender; that is, whether she was criminally connected with the alleged theft. She gave important testimony in favor of the accused tending to exculpate him. Her reputation, therefore, not only for truth and veracity, became a matter of substance, but her reputation as a law-abiding citizen was likewise involved. Such testimony has bearing not only upon the matter of her complicity in the alleged offense, but upon the good faith of the appellant in his claim that his action was induced by his belief in her expressed right to take the property in question. The matter much resembles the case of Graves v. State (Texas Crim. App.), 42 S. W., 300, a cattle theft case in which Graves, possessing a stolen animal, claimed that he had bought it from Blaylock. The state was permitted to prove the good reputation of Blaylock for honesty. The admission of the testimony was approved by the court as tending to show that Blaylock was not the thief.

In refusing to receive evidence of the good reputation of Mrs. Main, we express the opinion that the learned trial judge committed error of a nature demanding a reversal of the judgment.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*